*R. D. Handy, for appellants.*

---

HARRY P. LEMCOLE ET AL. *v.* CHAS. G. SHAW'S EXRX. ET AL.

[Abstract Kentucky Law Reporter, Vol. 2—226.]

**Right of Homestead.**

> A nonresident has no homestead right in this state, and, even if a resident here, a homestead can not be asserted against a mortgage for purchase-money of the real estate.

APPEAL FROM KENTON CHANCERY COURT.

February 10, 1881.

OPINION BY JUDGE PRYOR:

If the appellants occupied the premises in controversy prior to the execution of the mortgage in 1866, the occupancy was that of tenant, and not as owner. It was conceded on the hearing that this property was indivisible, and, a sale being inevitable, we see no reason why the chancellor could not sell the property and determine the question of priority as between the creditors in making a distribution of the proceeds. The owner, or debtor, at least, has no cause of complaint by reason of such action. The only other error assigned is as to the right of homestead asserted by the appellants.

The mortgage from appellants to Courtenay was executed August 11, 1866, and from the same party to Ellis on August 10, 1866. The mortgage to Ellis, dated October, 1868, was a renewal of the debt and mortgage of August 10, 1866, and the appellants did not become owners of this property until the 11th of August, 1866; and besides, the record conduced to show that the appellants were then residents of Cincinnati, and in addition that the mortgage debt to them was the purchase-money for the property sold appellant. There is no error assigned to the effect that the judgment is for too much, but that the claims should not have priority over the homestead.

Judgment *affirmed.*

*D. A. Glenn, J. G. Carlisle, for appellants.*

*J. L. Furber, for appellees.*